## CEFALU v. UNITED STATES.

Circuit Court of Appeals, Tenth Circuit.
January 24, 1930.

No. 119.

Robert D. Charlton, of Denver, Colo. (Lewis DeR. Mowry, of Denver, Colo., on the brief), for appellant.

Ralph L. Carr, U. S. Atty., of Denver, Colo. (Charles E. Works, Asst. U. S. Atty., of Denver, Colo., on the brief), for the United States.

Before LEWIS, COTTERAL, and McDERMOTT, Circuit Judges.

COTTERAL, Circuit Judge. An information was filed against appellant, his wife, and Frank Mazza, charging them with five violations of the National Prohibition Act (27 USCA), at Denver, Colo., in 1928. Mazza was acquitted. Mrs. Cefalu was convicted on all counts. Appellant was acquitted on counts 2 and 3 charging sales, and convicted on count 1 for possession of whisky on August 15, count 4 for a sale of whisky on August 8, and count 5 for maintaining a nuisance on September 11. He assigns error in the denial of a motion to direct a verdict for insufficiency of the evidence and in giving and refusing instructions to the jury.

The wife of appellant testified that she and Mazza were engaged in the sale of whisky, that they hid their supplies in the country, and did not make the sales at the Cefalu home in Denver. Federal Prohibition Agents testified that they bought whisky from her there on several occasions, but that appellant was present only on August 8; that on that day when she had gone to another room, appellant came from the same room wearing a bath robe, in his bare feet, sat on a piano bench, talked with the officers, and was present when she returned with the whisky and made the sale of it to them. Sales were testified to by them at the home on July 25 and August 4, and by their account when they were there on August 15, they saw Mrs. Cefalu go from the front part of the house to the kitchen carrying two bottles, break one of them on the sink, and the other contained a small quantity of whisky. The testimony of the appellant is he had nothing to do with the transactions, he did not know of them, or know there was whisky in the house, his wife rented the house, he supported her, paying her bills, and he was absent most of the time engaged in selling macaroni and olive oil to Italians, chiefly in Nebraska. Mrs. Cefalu corroborated his testimony.

This summary, incomplete as it is in many details, suffices for the purpose of de-

termining whether appellant was entitled to a directed verdict in his favor on the fourth count, charging a sale on August 8th. It seems to us, as it did to the trial judge, it was a question of fact whether appellant was a party to that sale, and it is inconceivable he could have been present as he was at his home and conducted himself as he did there under the circumstances when the sale was made, without having clear knowledge the illicit business was being carried on there and without having a responsible part in it. Otherwise, the transaction called for some expression of surprise or protest from him, but he was acquiescent. There was such apparent understanding and approval of it as to connect him with it, in the way of aiding and counseling his wife, and this was the theory on which the case was submitted to the jury. Section 550, Title 18 U. S. Code (18 USCA § 550). The jury so found, and we think it cannot be said the finding was without support. The cases cited to show the mere presence at the scene of an offense under different circumstances is not sufficient for conviction, present a different question. The ruling on the motion to direct a verdict on count 4 was therefore correct.

As to count 1, charging possession, on August 15th, and count 5, charging a nuisance, on September 11th, there was no sufficient evidence to connect appellant with the transactions and warrant submission of them to the jury as to him, and the motion to direct a verdict on those two counts should have been sustained.

The complaint leveled at the charge to the jury is without force, as there was no exception to it. Examining it, however, we find it fairly submitted the issues to the jury and it discloses no prejudicial error. A request tendered and refused was to the effect that the proof, in order to convict, must show appellant actively and knowingly participated in the liquor transactions. This we hold was a requirement that was too broad in terms. Another portion of the same request was that the mere presence of the appellant when the liquor transactions occurred was not sufficient to establish his guilt, but the court so charged the jury.

No other questions are entitled to consideration. The judgment of conviction on count 4 is affirmed. The judgments of conviction on counts 1 and 5 are reversed, and the cause is remanded to the District Court with direction to grant the appellant a new trial on those two counts.